IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAY'ANA ADAMS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 1:23-00305-KD-M |
| | ) | |
| CITY OF MOBILE, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Consolidate (Doc. 10), Defendant's Response (Doc. 12), and Plaintiff's Reply (Doc. 13).

Specifically, Plaintiff moves to consolidate this case with *Jason Craig and Rodrick Shoots, Sr. v. City of Mobile*, CV 1:23-00269-KD-M (SDAL) for all purposes; or alternatively, for discovery and pretrial proceedings. As grounds, Plaintiff cites Federal Rule of Civil Procedure 42 and asserts that both cases "arise out of similar facts and circumstances, contain nearly identical allegations against the same defendant … and involve overlapping witnesses … the parties in the Actions are represented by the same counsel .. and discovery … has yet to commence." (Doc. 10 at 2). Plaintiff states further, that the Defendant does not oppose partial consolidation for the purposes of discovery. (Id. at 3).

Rule 42 provides as follows:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>     **(1)** join for hearing or trial any or all matters at issue in the actions;
>     **(2)** consolidate the actions; or
>     **(3)** issue any other orders to avoid unnecessary cost or delay.
> **(b) Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

As further explained by the Eleventh Circuit in Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 727 Fed. Appx. 562, 570 (11th Cir. 2018):

> Rule 42(a) codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal citations omitted). A trial court's decision to consolidate suits is discretionary. *Id.*
>
> When deciding if separate lawsuits should be consolidated into a single action, a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

Upon consideration of the relevant factors and in the undersigned's discretion, the Court finds that consolidation of these cases for purposes of trial into one (1) case is not merited and would not promote the interests of judicial economy. Accordingly, it is **ORDERED** that Plaintiff's Motion to Consolidate (Doc. 10) is **DENIED, in part,** as to consolidation for purposes of trial. Concerning the portion of Plaintiff's motion to consolidate these cases for purposes of discovery, said request is **REFERRED** to U.S. Magistrate Judge Bert W. Milling, Jr., for his consideration.

**DONE** and **ORDERED** this the **27th** day of **October 2023**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**